**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ANDREW R. PERRONG,<br>                *Plaintiff,*<br><br>     v.<br><br>PERSONAL INJURY LEAD<br>GENERATOR,<br>                *Defendant.* | CIVIL ACTION<br>NO. 22-2628 |

## <u>ORDER</u>

**AND NOW,** this 28th day of July 2022, upon consideration of *pro se* Plaintiff Andrew Perrong's *ex parte* Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference (ECF 5), it is **ORDERED** that the motion is **GRANTED** as follows:

1.     Plaintiff has established that "good cause" exists for him to serve a third-party subpoena on teli Communications, LLC, and Telnyx LLC.  *See, e.g.,* Order, *Perrong v. Aspen Dental Management, Inc*, No. 22-1234  (E.D. Pa. April 8, 2022); Order, *Perrong v. Victory Phones LLC*, No. 20-5317 (E.D. Pa. Nov. 11, 2020).

2.     Plaintiff may serve on teli Communications, LLC a Rule 45 subpoena commanding it to provide Plaintiff with the true name, address, contact telephone number, website, and e-mail address for the subscriber(s) to the telephone numbers 659-210-8059, 659-242-1102 and 659-210-1991.  Plaintiff shall attach a copy of this Order to any such subpoena.

3.     Plaintiff may serve on Telnyx LLC a Rule 45 subpoena commanding it to provide Plaintiff with the true name, address, contact telephone number, website, and

e-mail address for the subscriber(s) to the telephone numbers 855-866-6761, 855-547-1025 and 855-334-502.  Plaintiff shall attach a copy of this Order to any such subpoena.

4.      Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any downstream telephone provider or other entity identified in response to the subpoena as a sub-provider, lessor, call center, aggregator, or similar provider of telephone services to the subscriber(s).

5.      Within seven days of service of the subpoena, teli Communications, LLC and Telnyx LLC shall reasonably attempt to identify the subscriber(s) associated with the telephone numbers provided.  After identification, they are directed to forward a copy of the subpoena and this Order to the mailing address for the subscriber(s).

6.      Subpoenaed providers shall not release the subscriber(s)' identifying information to Plaintiff sooner than fourteen days after the provider has sent the subscriber(s) a copy of the subpoena.  If the providers or the subscriber(s) timely file a motion to quash or vacate the subpoena, the providers shall preserve the subpoenaed information pending the resolution of such a motion.  If the fourteen-day period lapses without the providers or the subscriber(s) contesting the subpoena, the providers shall have ten days to produce the information responsive to the subpoena to Plaintiff.

7.      Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on teli Communications, LLC, Telnyx LLC or any other provider for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint.

BY THE COURT:


*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.