### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANDREW R. PERRONG
1657 THE FAIRWAY #131
JENKINTOWN, PA 19046

    Plaintiff

vs.

PERSONAL INJURY LEAD GENERATOR

    Defendant.

Case No. 2:22-cv-02628-GJP

JURY TRIAL DEMANDED

### RESPONSE TO SHOW CAUSE ORDER

Plaintiff respectfully submits this response to this Court's Order to Show Cause (ECF No. 7). As the Court is aware, on July 28, 2022, the Court entered an order permitting the Plaintiff leave to serve a third-party subpoena to identify the caller responsible for the calls at issue in this case. The subpoena contemplated by this order was duly served upon Commio, the telephone provider at issue in this case which was identified as having been the service provider for the customer that sent the text messages, shortly thereafter. Commio responded to Plaintiff's subpoena on August 11, 2022, identifying Chase Data Corporation as its customer that sent the text message, and also identified that another company, SMSEdge, provided the text messaging telephone services for the text messages at issue. SMSEdge is a bulk telephone service provider and marketing platform based in Israel. The exact relationship between SMSEdge and Chase Data is unclear at this point, but it appears that Chase Data licenses some of its services from SMSEdge, which it then resells to illegal call centers branded as its own platform.

1

On September 7, 2022, Chase Data, who operates a turnkey illegal telemarketing platform through its sister company Dialed In Inc., was served with a subpoena requesting the identity of its customer(s) for the three telephone numbers at issue here, pursuant to the Court's order and in light of the response provided by Commio. The return of service of the subpoena on Chase Data is attached herein as Exhibit A. Despite servicing the numbers at issue and providing bespoke turnkey marketing services for its customers, including by selling its end users the dialing platform used to place the calls, Chase Data refused to respond to the subpoena.

Plaintiff received no response from Chase Data for several months. In so doing, Chase Data affirmatively took steps to shield its customer from direct TCPA liability for the services it purchased from Chase Data. As he essentially hit a dead end because Chase Data refused to respond to a lawful subpoena and identify its customer, the case was buried and Plaintiff did not take any further action until this Court issued its Order to Show Cause.

To rectify the Order to Show Cause and move this case forward, Plaintiff desires to amend the complaint in this action, provided that the Court grants leave to do so, as the time to serve the Defendants in this case has expired. The proposed amended complaint, attached herein as Exhibit B, names Chase Data, Dialed In, and their joint owner under a theory of vicarious platform liability under the TCPA. The Plaintiff assures this Court that, if granted leave to amend, he will promptly serve these new Defendants and move this case forward expeditiously.

## CONCLUSION

For the foregoing reasons, the Court should discharge its Order to Show Cause and enter an order granting Plaintiff leave to amend the complaint in the form of Exhibit B.

Dated: **September 27, 2023**

                                                            /s/_____

Andrew R. Perrong
*Plaintiff Pro-Se*
1657 The Fairway #131
Jenkintown, PA 19046
Phone: 215-791-6957
Facsimile: 888-329-0305
andyperrong@gmail.com

## CERTIFICATE OF SERVICE

Plaintiff certifies that on September 27, 2023, he filed the foregoing on the Court's Electronic Document Submission (EDS) system for *pro-se* litigants.

Dated: **September 27, 2023**

                                                            /s/_____

Andrew R. Perrong
*Plaintiff Pro-Se*
1657 The Fairway #131
Jenkintown, PA 19046
Phone: 215-791-6957
Facsimile: 888-329-0305
andyperrong@gmail.com