IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDREW R. PERRONG | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 2:22-cv-02628-GJP |
| | : | |
| CHASE DATA CORP. f/k/a | : | |
| PERSONAL INJURY LEAD | : | |
| GENERATOR, DIALED IN INC., and | : | |
| AHMED MACKLAI | : | |

**ORDER**

THIS MATTER came on for consideration on Defendant's, Ahmed Macklai, Motion to Dismiss the Court having reviewed the pleadings, having heard argument of counsel, and being duly advised in the premises, states it is hereby:

**ORDERED AND ADJUDGED** as follows:

1. Defendant's, Ahmed Macklai, Motion to Dismiss is **GRANTED**.

DONE AND ORDERED at Montgomery County, Pennsylvania, this _____ day of _____, 20\_\_\_\_.

_____
GERALD J. PAPPERT
UNITED STATES DISTRICT JUDGE

CASE NO. 2:22-cv-02628-GJP

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDREW R. PERRONG | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 2:22-cv-02628-GJP |
| | : | |
| CHASE DATA CORP. f/k/a | : | |
| PERSONAL INJURY LEAD | : | |
| GENERATOR, DIALED IN INC., and | : | |
| AHMED MACKLAI | : | |

**DEFENDANT, AHMED MACKLAI'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO FED.R.CIV.P. 12(b)(6) AND FED.R.CIV.P. 12(b)(2)**

For the reasons set forth in the Memorandum of law, it is respectfully requested that this Honorable Court grant Ahmed Macklai's Motion to Dismiss and dismiss all claims with prejudice.

MARSHALL DENNEHEY, P.C.

*s/ Bradley D. Remick*
BRADLEY D. REMICK, ESQUIRE
Attorney for defendant, Ahmed Macklai
Atty. I.D. #49449
2000 Market Street
Philadelphia, PA  19103
Phone: 215-575-2762
Fax:  215-575-0856
bdremick@mdwcg.com

CASE NO. 2:22-cv-02628-GJP

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDREW R. PERRONG | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 2:22-cv-02628-GJP |
| | : | |
| CHASE DATA CORP. f/k/a | : | |
| PERSONAL INJURY LEAD | : | |
| GENERATOR, DIALED IN INC., and | : | |
| AHMED MACKLAI | : | |

**DEFENDANT AHMED MACKLAI'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND FED. R. CIV. P. 12(b)(2)**

## I. INTRODUCTION

Defendant Ahmed Macklai ("Macklai"), by and through the undersigned counsel, moves to dismiss Plaintiff Andrew R. Perrong's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction and 12(b)(6) for failure to state a claim upon which relief can be granted .

## II. STATEMENT OF FACTS

1.  On October 11, 2023, the Plaintiff, a serial TCPA litigator, initiated legal proceedings by filing a Complaint in the District Court for the Eastern District of Pennsylvania. [D.E. 10].

2. The Complaint enumerates generic allegations against the Macklai, specifically detailed in paragraphs 45 to 48.

3. These allegations assert the Macklai's purported involvement in the matters at issue: three (3) text messages that the Plaintiff alleges he received in March of 2022. However, they predominantly comprise legal conclusions rather than delineating specific actions attributable to the Defendant.

4. It is pertinent to note that Macklai is a resident of Broward County, Florida.

5. And to the extent it is alleged that Macklai is the "Chairman" of co-defendants Chase Data and Dialed In, those companies are located in and conduct their business in Broward County, Florida.

In light of the above facts, it is evident that this Court does not have personal jurisdiction over Macklai. Additionally, the Plaintiff's Amended Complaint does not satisfactorily articulate a substantive claim against Macklai, an individual. Moreover, it fails to establish grounds for personal jurisdiction over Ahmed Macklai within the state of Pennsylvania. The Amended Complaint should be dismissed with prejudice.

### III. STANDARD OF REVIEW

In reviewing motions to dismiss, courts must assume the accuracy of all well-pleaded allegations in the complaint and infer conclusions favorably towards the non-moving party. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1251, 2361 (3d Cir. 1994).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim that can survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels, conclusions; a formulaic recitation of a cause of

action's elements is insufficient. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp., et al. v. Twombly, et al.*, 550 U.S. 544, 545 (2007) (further explaining that a merely "conceivable" claim is not sufficient). Plaintiff's Amended Complaint does not provide fair notice of the claims and factual allegations against Ahmed Macklai that – when accepted as true – are plausible and rise above mere speculation. *Iqbal*, 556 U.S. 662, 678; *Twombly*, 550 U.S. 544, 555-556.

## IV. CHOICE OF LAW

Because this Court's subject matter jurisdiction is founded upon diversity of citizenship, this Court must apply the choice of law rules of Pennsylvania in deciding which state's law to apply to each of the substantive claims. *Echols v. Pelullo*, 377 F.3d 272, 275 (3d Cir, 2004). In both contract and tort claims, Pennsylvania will apply the law of the jurisdiction having the most significant contacts. *Fasset v. Delta Kappa Epsilon*, 807 F.2d 1150, 1157 (3d Cir. 1987); *Price v. Sears Roebuck and Co.*, Civ. A. No. 95-1359, 1995 WL 422682 (E.D. Pa. 1995).

Here, the purported injury to the Plaintiff took place in Pennsylvania, stemming from messages purportedly transmitted by ChaseData Corporation. Compl. ¶ 53. The alleged misconduct by Macklai, whatever it is, occurred in Florida. Declaration of Ahmed Macklai ("Macklai Decl.") Defendant will discuss the law of both Florida and Pennsylvania because the claims at issue here are subject to dismissal irrespective of the applicable law.

## V. THIS COURT MUST GRANT THE MOTION TO DISMISS OF DEFENDANT AHMED MACKLAI BECAUSE IT HAS NO JURISDICTION

As a threshold matter, Plaintiff cannot establish that this Court has personal jurisdiction over Macklai. Under Pennsylvania law and the Due Process Clause of the Fourteenth Amendment,

CASE NO. 2:22-cv-02628-GJP

the Defendant is entitled to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(2). *Rees v. Mosaic Technologies, Inc.*, 742 F.2d 765, 767 (3d Cir. 1984) see generally *Burger King v. Rudzewic,* 471 U.S. 462 (1985); *International Shoe v. Washington*, 326 U.S. 310 (1945) (holding that the Due Process Clause of the United States Constitution protects a defendant's liberty interest from being bound by judgments of a forum with which he has established no meaningful contacts, ties or relations).

The Third Circuit has adopted a two-step guide to determine whether the exercise of jurisdiction over out-of-state defendants is proper - plaintiff must establish either specific jurisdiction or general jurisdiction. *Gehling v. St. George's School of Medicine, Ltd.*, 773 F.2d 539, 540-42 (3d Cir. 1985); see also *Dollar Savings Bank v. First Securities Bank of Utah*, 746 F.2d 208, 211-14 (3d. Cir. 1984); *Vetrotex Certaineed Corp. v. Consol. Fiber Glass Products Co.*, 75 F.3d 147, 151 n.3 (3d Cir. 1996). In this case, Plaintiff cannot establish either specific or general jurisdiction.

Establishing specific jurisdiction involves a three-part inquiry: (1) did the defendant "purposefully established minimum contacts within the forum state" so that he may reasonably expect being "haled into court" here; (2) did the cause of action arise from or is it related to those contacts: and (3) does the assertion of personal jurisdiction "comport with fair play and substantial justice.' " *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 467 (1985): *Worldwide Volkswagen Corp. v. Woodson*, 444 U.S. 286. 297 (1980).

With respect to "minimum contacts," Macklai has submitted Declarations establishing that he has none. Declaration of Ahmed Macklai ("Macklai Decl."). Under Pennsylvania law, his role

CASE NO. 2:22-cv-02628-GJP

as officer of a Florida company that may be transacting business in Pennsylvania[1] is insufficient to establish personal jurisdiction over him. *See*, *e.g.*, *Pell v. Weinstein*, 759 F. Supp. 1107 (M.D. Pa. 1991); *Dollar Savings Bank*, 746 F.2d at 211. In *Dollar Savings Bank*, the Third Circuit held the district court lacked jurisdiction in Pennsylvania over a Utah bank in a foreclosure proceeding, because signing a note in Utah to release funds in Pennsylvania amounted to insufficient contacts with the forum. *Id*. at 212-13, 215 ("When the plaintiffs interest is in litigating a claim arising out of a single transaction in a forum where the defendant has no continuing presence-specific jurisdiction - the focus must be on minimum contacts.")

Dollar argued that the bank's transfer of money within the Commonwealth caused an "economic impact" in Pennsylvania sufficient to create minimum contacts. Id at 213. The court rejected that argument and concluded that simply transferring money would not cause the bank to develop an "expectation of submission to the jurisdiction of Pennsylvania courts." *Id*. at 214. The Complaint itself makes it very clear that the liability which Plaintiff purports to assert against Macklai arises out of conduct that he took as President of ChaseData Corp. in Florida, not as an individual. Compl. ¶¶ 45-48. An act by a Florida-based officer on behalf of a Florida corporation does not engender in that director an expectation that he could be sued as an individual in Pennsylvania. *See Pell*, 759 F. Supp. at 1115-1116 ("whenever a corporation makes a contract, it is the contract of the legal entity of the artificial being created by the charter, not the contract of the individual members") (citations omitted); *First Realvest, Inc. v. Avery Builders Inc.*, 600 A.2d

---

[1] Accepted for purposes of this Motion only. Beyond the purview of Macklai's Rule 12 Motion, Dialed In did not exist when the subject text messages were sent, and Chase Data, while an existing entity, did not send any of the subject text messages.

601 (1990); 24 COA 753 § 9 (2005) (the general rule is that a director or officer of a corporation is not personally liable for the corporation's wrongful conduct merely by reason of his or her status as an officer or director).

Moreover, the fact that Macklai's action is alleged to have had an impact on a Pennsylvania resident — which is expressly denied — that is not sufficient to establish personal jurisdiction. *See Imo Indus., Inc. v. Kiekert AG*, 155 F.3d 254 (3d Cir. 1998); *Dollar Savings Bank*, 746 F.2d at 213.

In *Imo*, the Third Circuit affirmed the District Court's dismissal of Plaintiffs complaint for lack of personal jurisdiction, where Imo asserted interference with contractual relations against Kiekert. *Id*. at 256. Satisfied that it had no general jurisdiction because Kiekert had no office, mailing address, phone number or bank account in the forum state, nor did it manufacture, sell, advertise, or ship any product there, the court looked to specific jurisdiction. *Id*. at 257. The court reasoned that when a plaintiff asserts a tort, the "effects" test requires him or her to show the following: "(1) the defendant committed an intentional tort; (2) the plaintiff felt the brunt of the harm in the forum such that the forum can be said to be the focal point of the harm suffered by the plaintiff as a result of that tort; and (3) the defendant expressly aimed his tortious conduct at the forum such that the forum can be said to be the focal point of the tortious activity." *Id*. at 265-66 (citing *Calder v. Jones*, 465 U.S. 783, 789 (1984)). In addition to applying the "effects" test, the court must determine that the exercise of personal jurisdiction does not "offend traditional notions of fair play and substantial justice." *Remick v. Manfready*, 238 F.3d 248, 255 (3d Cir. 2001) (quoting International Shoe, 326 U.S. at 316)).

Here, the alleged tortious conduct of which Plaintiff complains took place in Florida (Compl. ¶¶ 45-48), and there is no allegation that Macklai "targeted" Pennsylvania in his role as

CASE NO. 2:22-cv-02628-GJP

ChaseData's President. *See Remick*, 238 F.3d at 259. It would therefore be wholly contrary to the principles of justice or fair play to require Macklai to submit to jurisdiction here for (unspecified) actions that occurred in Florida. Plaintiff is unable therefore to establish minimum contacts under *Dollar*, or to demonstrate that the actions of Macklai fulfill the "effects test" under Imo Industries. Inc. Thus, no specific jurisdiction exists over Macklai.

Because there are no minimum contacts, a fortiori, there is no general jurisdiction. *See Dollar Savings Bank*, 746 F.3d at 211. To establish general jurisdiction, Plaintiff must demonstrate that Macklai maintained "continuous and substantial" contacts with Pennsylvania in general. *Id*; *Imo Indus., Inc.*, 155 F.3d at 257; *AMP Inc. v. Methode Electronics, Inc.*, 823 F.Supp. 259 (M.D. Pa. 1993). Such a showing must be made by adducing "extensive and pervasive" facts that such contacts exist. *Leonardo da Vinci's Horse, Inc. v. O'Brien*, 761 F. Supp. 1222 1226 (E.D. Pa. 1991) (citing Dollar Savings Bank, 746 F.2d at 212 (3d Cir. 1984)); *Reliance Steel Pros. Co. v. Watson, Ess, Marshall & Enggas*, 675 F.2d 587, 589 (3d Cir. 1985) (plaintiff must show significantly more than mere minimum contacts to establish general jurisdiction).

No such contacts exist. Macklai serves as an officer of Chase Data (and Dialed In) in Florida. Ahmed Macklai Decl. ¶ 1. He does not pay taxes in Pennsylvania or receive income from Pennsylvania. Ahmed Macklai Decl. ¶ 5. This Court therefore should grant the motion of Macklai to dismiss Plaintiffs Complaint for lack of personal jurisdiction.

CASE NO. 2:22-cv-02628-GJP

### VI. FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED UNDER FED. R. CIV. P. 12(B)(6)

Plaintiff's purported claims against Macklai fail as the Telephone Consumer Protection Act ("TCPA") does not provide for individual liability of a corporate officer, and even if it did, which is expressly denied, Plaintiff still fails to establish a valid cause of action where the Complaint is riddled with unsupported legal conclusions and no factual allegations supporting any vicarious liability. Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss for failure of the complaint to state a claim on which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). Accordingly, Plaintiff's claims against Macklai should be properly dismissed.

**A. The TCPA does not Create Individual Liability Against Corporate Officers; thus; Plaintiff Cannot Allege a Claim Against Macklai, Individually.**

In the operative Complaint, Plaintiff attempts to assert claims under the TCPA against Macklai, individually and personally. Compl. at ¶¶ 45–48. However, the TCPA does not recognize individual liability of a corporate officer.

In *City Select Auto Sales, Inc. v. David Randall Associates, Inc.*, 885 F.3d 154, 159–62 (3d Cir. 2018), the Third Circuit Court of Appeals questioned a plaintiff's ability to pursue claims under the TCPA against individual corporate officers, *e.g.*, Macklai. In *City Select*, the Third Circuit strongly questioned whether a plaintiff may pursue claims under the TCPA against an individual corporate officer, reasoning that to the extent that a corporate officer directs communications subject to the TCPA to the entity's customer, the corporate officer does so in a **corporate** capacity, *not* in a **personal** capacity. *Id.* at 159. And when an individual does business in a corporate form, he is shielded from personal liability. *Id.*

The TCPA does not expressly authorize or establish claims under the TCPA against individual corporate officers, had Congress intended on individual liability, such liability would have been accounted for within the TCPA. *Id.* at 160–61. And common law personal liability against corporate officers under the TCPA is not available by default. *Id.* at 161. Put simply, statutory silence as to individual liability for corporate officers under the TCPA means there is none. *Id.* While *City Select* ultimately affirmed that the corporate officer was not liable under the TCPA on other grounds, the Third Circuit's reasoning is directly applicable here and serves to bar Plaintiff's TCPA claims against Macklai, individually, in their entirety.

Here, Counts I-III of Plaintiff's Complaint seek to impose individual personal liability against Macklai based exclusively on his role as a **corporate officer** for ChaseData and DialedIn. Compl. at ¶¶ 43, 45. Stated differently, Plaintiff alleges Macklai was acting in a corporate capacity, not a personal capacity; and absent an action in his personal capacity, Macklai is shielded from personal liability. *See City Select Auto Sales, Inc.*, 885 F.3d at 159–62. As stated the Third Circuit in *City Select Auto Sales, Inc.*, Congress' statutory silence as to individual liability for corporate officers under the TCPA means there is none. Accordingly, Count I-III are legally insufficient as to Defendant Macklai, individually, and should be dismissed with prejudice .

### B. Counts I-III Are Legally Insufficient Because Plaintiff Does Not Plead Facts Sufficient To Establish Vicarious Liability

Even assuming arguendo that the TCPA does provide for liability against an individual, which is expressly denied, claims against Macklai should be dismissed because Plaintiff does not allege facts sufficient to establish vicarious liability under the TCPA.

Direct liability under the TCPA only applies to entities that initiate the telemarketing calls, i.e., physically places the telephone call. *In re Monitronics Int'l, Inc.*, 223 F. Supp. 3d 514, 519 (N.D.W. Va. 2016). Thus, a seller does not "initiate" calls placed by third-party telemarketers. *Id.* A seller that does not "initiate" calls may only be held vicariously liable under the TCPA using common law principles of agency. *Id.*

To properly allege an agency relationship, at a minimum a complaint must allege facts which: (1) identify the agent by name or appropriate description; and (2) set forth the agent's authority, and how the acts of the agent either fall within the scope of that authority, or if unauthorized, were ratified by the principal. *Rachlin v. Edmison*, 813 A.2d 862, 870 (Pa. Super. 2002). Bald allegations of agency are insufficient to satisfy Pennsylvania's fact pleading requirement. *See Validation Commerce, LLC v. nGravis*, No. 07272 MARCHTERM 2004, 2004 WL 2426230, at *2 (Pa. Com. Pl. Aug. 28, 2004)

In the instant case, Plaintiff merely alleges unsupported legal conclusions that Defendant's "agent" placed three telephone calls (texts) to Plaintiff but does not allege any facts sufficient to establish that the alleged caller served as an agent for Macklai, individually. In fact, the purported agent is not even identified, nor is the purported agency relationship described with sufficient detail to support that the purported agent was acting under the direction of Macklai. No information is provided as to the identity of this purported agent or authority of this agent. Accordingly, these claims fail and should be properly dismissed.

CASE NO. 2:22-cv-02628-GJP

## VII. CONCLUSION

Defendant, Ahmed Macklai, respectfully requests that this Honorable Court grant his Motion to Dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(B)(6) and Fed. R. Civ. P. 12(B)(2) with prejudice, as the Court lacks the requisite jurisdiction to adjudicate claims against Defendant and as Plaintiff fails to establish a valid cause of action against Macklai, individually, and award the Defendant its reasonable attorneys' fees and costs in defending this action.

*/s/ Bradley D. Remick*
Bradley D. Remick, Esquire
Marshall Dennehey, P.C.
2000 Market Street, Suite 2300,
Philadelphia, PA 19103
Phone: (215) 575-2762
Fax: (215) 575-0856

CASE NO. 2:22-cv-02628-GJP

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDREW R. PERRONG | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 2:22-cv-02628-GJP |
| | : | |
| CHASE DATA CORP. f/k/a PERSONAL INJURY LEAD GENERATOR, DIALED IN INC., and AHMED MACKLAI | : | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system on November 16, 2023, and the foregoing document is being served this day on all counsel or parties of record, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

MARSHALL DENNEHEY, P.C.

*s/ Bradley D. Remick*
Bradley D. Remick, Esquire
2000 Market Street
Philadelphia, PA  19103
Phone:  215-575-2762

DATE:  November 16, 2023