114717-7

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ANDREW R. PERRONG | |
| Plaintiff, | Case No. 2:22-cv-02628-GJP |
| vs. | |
| CHASE DATA CORP., DIALED IN INC., AND AHMED MACKLAI | |
| Defendants. | |

<u>**DEFENDANT'S, AHMED MACKLAI, REPLY IN SUPPORT OF**</u>
<u>**MOTION TO DISMISS [D.E. 16]**</u>

**I.        INTRODUCTION**

Defendant Ahmed Macklai ("Macklai"), represented by the undersigned counsel, respectfully submits this Reply in Support of his Motion to Dismiss the Amended Complaint filed by Plaintiff Andrew R. Perrong. This motion seeks dismissal under the Federal Rules of Civil Procedure, specifically under Rule 12(b)(2) for lack of personal jurisdiction, and under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Through this reply, Macklai aims to further elucidate the grounds for dismissal and to address key points raised in the Plaintiff's Response to the Motion to Dismiss.

**II.        STATEMENT OF FACTS**

1.        On October 11, 2023, the Plaintiff, a serial TCPA litigator, initiated legal proceedings by filing a Complaint in the District Court for the Eastern District of Pennsylvania.

2. The Complaint enumerates generic allegations against the Macklai, specifically detailed in paragraphs 45 to 48.

3. These allegations assert Macklai's purported involvement in the matters at issue: three (3) text messages that the Plaintiff alleges he received in March of 2022. However, they

predominantly comprise legal conclusions rather than delineating specific actions attributable to this Defendant.

4. It is pertinent to note that Macklai is a resident of Broward County, Florida.

5. And to the extent it is alleged that Macklai is the "Chairman" of co-defendants Chase Data and DialedIn, those companies are located in and conduct their business in and from Broward County, Florida.

6. In consideration of the aforementioned facts, Ahmed Macklai filed his Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 12(b)(2) on November 16, 2023.

7. Subsequently, on November 30, 2023, the Plaintiff filed a Response in Opposition to Defendant Ahmed Macklai's Motion to Dismiss.

8. In response, the Defendant hereby presents this Reply in Support of Ahmed Macklai's Motion to Dismiss.

### III.   ARGUMENT

**A. Defendant Ahmed Macklai Should Not Be Personally Implicated in This Lawsuit as It Would Constitute Piercing the Corporate Veil**

The Plaintiff alleges that Defendant Macklai had personal knowledge, malfeasance, direction, and control regarding specific corporate actions, specifically the transmittal of three (3) calls (texts) to a 215-area code telephone number in Pennsylvania in March of 2022. However, this claim lacks factual substantiation. Merely holding an executive position at ChaseData, as President/CEO, does not automatically entail detailed knowledge of, or involvement in, every operational aspect of the company or, in this instance, the actions of its customers.[1]

---

[1] ChaseData is a provider of call center software solutions, which enable its customers to place outbound calls and texts like the subject texts received by Plaintiff. https://getdialedin.com/.

The Plaintiff references several cases, including *Shelton v. Nat'l Gas & Elec., LLC* and *Grand Ent. Grp., Ltd. v. Star Media Sales, Inc.*, to support his argument. 17-4063, 2019 WL 1506378, at *7 (E.D. Pa. Apr. 5, 2019); 988 F.2d 476, 482 (3d Cir. 1993). However, these cases are distinguishable on the grounds that the individuals implicated were not analogous to Mr. Macklai's situation. In *Shelton*, the company president was not named as a defendant, unlike Mr. Macklai. In both *Grand Entertainment* and *Abramson v. CWS Apartment Homes, LLC*, No. 16-426, 2016 WL 6236370, at *4 n.47 (W.D. Pa. Oct. 24, 2016), the defendants were corporations, not individual corporate officers like Mr. Macklai. These precedents do not support extending liability to Mr. Macklai in his personal capacity because doing so would pierce the corporate veil.

In 2009, Gulf Coast Collections Bureau made autodialed calls to Mark Mais for a debt collection. Mais filed a lawsuit under the TCPA, naming Jack W. Brown III, a vice president and partial owner of Gulf Coast, as a defendant. The plaintiff asserted that Brown controlled policies regarding the TCPA and authorized the practices in question. The district court in *Mais v. Gulf Coast Collection Bureau*, 768 F.3d 1110, 1119–21 (11th Cir. 2014), recognized the *possibility* of personal liability under TCPA but set a high standard for such liability. The court opined that personal liability should be an exception and not the norm, necessitating evidence of intentional misconduct or significant failure to implement compliant policies, beyond mere control and authority over such policies.

Furthermore, the plaintiff undermines his own argument by incorrectly applying the precedent from *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). This case established that a corporation, by availing itself of activities in a state, consents to jurisdiction in that state. However, the plaintiff erroneously extends this principle to Macklai, an individual, not

a corporation, who is not plausibly alleged to have engaged in any relevant activities in Pennsylvania. This misapplication of corporate jurisdiction principles to an individual is a fundamental flaw in the plaintiff's argument.

**B.  Personal Jurisdiction Over ChaseData Does Not Give Rise To Personal Jurisdiction Over All Employees Or Officers**

In the present case, the Plaintiff broadly asserts that the Court's jurisdiction over ChaseData should extend to every employee or officer of the company. However, this claim is presented without the backing of pertinent case law, rendering it a weak argument. It fails to acknowledge the critical legal distinctions between a corporation and its individual employees or officers, particularly regarding personal jurisdiction.  Macklai's Declaration disclaiming any relevant contacts between him and the state of Pennsylvania remains unchallenged.[2]

The legal precedent set in *Fletcher v. Havre de Grace Fireworks Co.*, and *Riverside Mkt. Dev. Corp. v. Int'l Bldg. Prods., Inc.*, clearly establishes that a director is not held liable simply by virtue of their position if they are not personally involved in the corporation's tortious conduct. 229 Md. 196, 177 A.2d 908, 910 (1962); 931 F.2d 327, 330 (5th Cir.1991). The Plaintiff's reliance on *Montelongo v. My Fin. Solutions LLC*, citing a manager's responsibility for developing strategies for unsolicited telemarketing calls, does not analogously apply to Macklai, as he is not plausibly alleged to have engaged in developing such strategies in a manner relevant to the subject case, or handling complaints about TCPA violations (which would not be relevant in this case, lacking any allegation

---

[2] Plaintiff evaluates the Declarations presented on behalf of Defendant Macklai interchangeably with those presented on behalf of the corporate Defendants, *i.e.*, ChaseData and DialedIn, which Macklai did not execute. Plaintiff does not contest Defendant Macklai's statements, as an individual. The statements presented in Defendant Macklai's Declaration are limited to taxes paid, accounts and properties held in his individual capacity. This remains unchallenged.

that ChaseData was on notice of allegedly unauthorized calling activity to Plaintiff before this lawsuit was file, yet failed to act on it).

Furthermore, the alleged tortious conduct by ChaseData, whatever it is, occurred in Florida, and there is no allegation that Macklai targeted Pennsylvania in his role as President/CEO of ChaseData. The principle set forth in *Remick v. Manfredy*, 238 F.3d 248 (3d Cir. 2001), underscores the injustice of requiring Macklai to submit to jurisdiction for actions occurring in Florida, especially when these actions are not specified.

Given this legal context, it is evident that the Plaintiff's TCPA claims against Macklai, as an individual, lack legal standing. Therefore, the court should dismiss the TCPA claims against Macklai, affirming the established legal principles that protect individual corporate officers from personal liability in such cases.

### C. Affirming Macklai's Role as President Through Factual Evidence in the ChaseData Declaration and Addressing the Groundlessness of Perjury Allegations

Additionally, the Plaintiff contends that the Defendant's affidavit contains perjured statements, specifically highlighting the declaration that "ChaseData is incorporated in the State of Florida and maintains its corporate office in Plantation, Florida." This accusation of perjury is both unfounded and unnecessary. The factual basis of ChaseData's incorporation in the State of Florida and the location of its corporate office in Plantation, Florida, is easily verifiable and stands as a matter of public record. As such, the Plaintiff's claim of perjury on this point lacks merit and does not contribute constructively to the legal arguments at hand. It follows that the Plaintiff's assertion of perjury in this regard is without merit and should not impact the court's evaluation of

Macklai's role and liability in this matter. Therefore, any claim of perjury should be disregarded as frivolous.[3]

## IV.   CONCLUSION

In summary, the arguments presented in Defendant's Reply robustly support Macklai's Motion to Dismiss. The Plaintiff's allegations, attempting to implicate Mr. Macklai personally for actions associated with ChaseData (and in actuality, even a step further removed: ChaseData's customers), are not substantiated by factual evidence or established legal precedents. The attempt to extend corporate liability to an individual officer like Mr. Macklai, without demonstrating his direct involvement in the alleged tortious conduct, contravenes the principles set forth in cases like *Fletcher v. Havre de Grace Fireworks Co.* Moreover, the Plaintiff's claims of perjury within the Defendant's affidavit are unfounded, as the statements about ChaseData's incorporation and office location are matters of public record and verifiable. Considering the arguments presented, it becomes evident that the Plaintiff's claims against Mr. Macklai lack a solid legal foundation. Consequently, the Defendant respectfully requests that the Honorable Court grant Mr. Macklai's Motion to Dismiss, acknowledging the lack of sufficient legal grounds to proceed with the allegations against him on a personal level.

Dated:  12/15/2023

---

[3] Plaintiff has previously been cautioned by this Court against taking a frivolous action or making a baseless allegation of which he is fully aware of as a habitual litigant. *Perrong v. DVD II Group, LLC*, No. 23-361. 2023 WL 3229934, *2 (E.D. Pa. May 3, 2023) (evaluating whether the plaintiff should be sanctioned where he attempted to seek a default after having been in contact with the defendant's counsel); *see Perrong v. CMI Marketing Research Inc.*, No. 22-3733, 2023 WL 6277299 (E.D. Pa. Sept. 26, 2023) (grantingCMI's motion to dismiss because Plaintiff's amended complaint failed to state a violation of the PTRA/UTPCPL and failed to state a violation of the TCPA regulations relied upon); *see also Perrong v. Bradford*, No. 2:23-cv-00510-JDW, 2023 WL 6119281 (E.D. Pa. Sept. 18, 2023) (dismissing Plaintiff's claims regarding the use of an ATDS and about telemarketing/solicitation calls).

Respectfully submitted,

*/s/ Bradley D. Remick*
Bradley D. Remick, Esquire
Marshall Dennehey
2000 Market Street, Suite 2300,
Philadelphia, PA 19103
Phone: (215) 575-2762
Fax: (215) 575-0856

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system on December 15, 2023, and the foregoing document is being served this day on all counsel or parties of record, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

MARSHALL DENNEHEY, P.C.

*s/ Bradley D. Remick*
Bradley D. Remick, Esquire
2000 Market Street
Philadelphia, PA  19103
Phone: 215-575-2762
bdremick@mdwcg.com