IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW R. PERRONG<br><br>Plaintiff,<br><br>vs.<br><br>CHASE DATA CORP., DIALED IN INC., AND AHMED MACKLAI<br><br>Defendants. | Case No. 2:22-cv-02628-GJP |

## CHASE DATA CORP.'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendant ChaseData Corp. ("ChaseData" or "Defendant"), by and through their undersigned counsel, hereby answer the Complaint of Plaintiff Andrew R. Perrong ("Plaintiff") as follows:

### PRELIMINARY STATEMENT

1. Admitted only that Plaintiff purports to assert claims under the TCPA. Denied as to the remainder.

2. Denied, and strict proof demanded thereof.

3. Without knowledge, therefore denied.

### PARTIES

4. Admitted for jurisdictional purposes only.

5. Denied.

### JURISDICTION & VENUE

6. Admitted.

7. Denied.

### THE TELEPHONE CONSUMER PROTECTION ACT

8. Admitted only that the TCPA was enacted in 1991 and that Plaintiff has accurately quoted the TCPA in part. Denied as to the remainder.

9. Admitted that the Plaintiff has accurately quoted the TCPA in part.

10. Without knowledge, therefore denied.

11. Without knowledge, therefore denied.

12. Admitted that the TCPA governs text messages as well as voice calls.

13. Admitted. The TCPA speaks for itself.

14. Denied that a District Court opinion from Maryland has any bearing on these proceedings.

15. Admitted to the extent the Plaintiff has accurately quoted the TCPA in part. Denied as to the remainder.

## FACTUAL ALLEGATIONS

16. Admitted only that ChaseData owns and licenses inbound and outbound call center software solutions. Denied as to the remainder.

17. Denied.

18. Denied.

19. Denied.

20. Without knowledge, therefore denied.

21. Without knowledge, therefore denied.

## THE CALLS TO MR. PERRONG

22. Admitted that Plaintiff meets the statutory definition of a "person."

23. Without knowledge, therefore denied.

CASE NO. 2:22-cv-02628-GJP

24. To the extent this is intended to allege that an unidentified non-party "lead generator" sent messages to Plaintiff through ChaseData's platform on March 22, 29 and 30, 2022, denied.

25. Without knowledge, therefore denied.

26. Without knowledge, therefore denied.

27. Without knowledge, therefore denied.

28. Without knowledge, therefore denied.

29. Without knowledge, therefore denied.

30. Without knowledge, therefore denied. No such text message was transmitted on ChaseData's platform.

31. Without knowledge, therefore denied. No such text message was transmitted on ChaseData's platform.

32. Without knowledge, therefore denied. No such text message was transmitted on ChaseData's platform.

33. Without knowledge, therefore denied. No such text message was transmitted on ChaseData's platform.

34. Denied as to ChaseData.

35. Denied, and strict proof demanded thereof.

36. Denied. The subject text messages were not transmitted on ChaseData's platform.

37. Without knowledge, therefore denied.

38. Without knowledge, therefore denied.

39. Denied as to ChaseData.

CASE NO. 2:22-cv-02628-GJP

40. Denied.

41. Denied.

42. Denied that cherry-picked opinions from a District Court in Wisconsin and/or Illinois have any bearing on this case.

43. Admitted only that Macklai was an officer of ChaseData at the time the subject text messages were allegedly transmitted. DialedIn was not in existence at that time. The claims against Macklai have been dismissed with prejudice.

44. Denied. The claims against Macklai have been dismissed with prejudice.

45. Denied. The claims against Macklai have been dismissed with prejudice.

46. Denied. ChaseData did not send any messages to Plaintiff.

47. Without knowledge, therefore denied. ChaseData did not send the subject text messages.

48. Without knowledge as to the subject text messages that were not sent on ChaseData's platform. Further denied on the basis that ChaseData's platform is not an ATDS.

49. Without knowledge, therefore denied.

50. Without knowledge, therefore denied.

51. Denied as to ChaseData.

52. Without knowledge, therefore denied.

53. Denied.

## LEGAL CLAIMS

### COUNT ONE

54. Defendant denies the allegations contained in Paragraph 54 of the Complaint and incorporate their previous responses as if fully set forth herein.

55. Defendant denies the allegations contained in Paragraph 55 of the Complaint and state that they have not violated the TCPA as alleged.

56. Defendant denies the allegations contained in Paragraph 56 of the Complaint and state that Plaintiff is not entitled to damages as alleged.

57. Defendant denies the allegations contained in Paragraph 57 of the Complaint and state that Plaintiff is not entitled to injunctive relief as alleged.

58. Defendant denies the allegations contained in Paragraph 58 of the Complaint and state that their actions were not willful or knowing violations of the TCPA.

## COUNT TWO

59. Denied. Defendant denies the allegations contained in Paragraph 59 of the Complaint and incorporate their previous responses as if fully set forth herein.

60. Defendant denies the allegations contained in Paragraph 60 of the Complaint and state that they have not violated the TCPA as alleged.

61. Defendant denies the allegations contained in Paragraph 61 of the Complaint and state that Plaintiff is not entitled to damages as alleged.

62. Defendant denies the allegations contained in Paragraph 62 of the Complaint and state that Plaintiff is not entitled to injunctive relief as alleged.

63. Defendant denies the allegations contained in Paragraph 63 of the Complaint and state that their actions were not willful or knowing violations of the TCPA.

## COUNT THREE

CASE NO. 2:22-cv-02628-GJP

64. Denied. Defendant denies the allegations contained in Paragraph 64 of the Complaint and state that they have not violated the TCPA's implementing regulations.

65. Denied. Defendant denies the allegations contained in Paragraph 65 of the Complaint and state that they have not committed the violations alleged.

66. Denied. Defendant denies the allegations contained in Paragraph 66 of the Complaint and state that they have not violated the TCPA as alleged.

67. Denied. Defendant denies the allegations contained in Paragraph 67 of the Complaint and state that Plaintiff is not entitled to damages as alleged.

68. Denied. There is no need for injunctive relief, as ChaseData does not violate the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227(c), and its associated regulations.

69. Denied as to ChaseData. The subject calls were not placed on ChaseData's platform.

## RELIEF SOUGHT

Defendant denies all allegations seeking relief as stated in the Complaint and request that the Court dismiss the Complaint in its entirety with prejudice.

WHEREFORE, Defendant respectfully requests that the Court dismiss the Complaint with prejudice, award Defendant their costs and reasonable attorney's fees incurred in this action, and grant such other and further relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

## FIRST DEFENSE

1. The Amended Complaint fails to state a claim upon which relief can be granted against ChaseData.

**SECOND DEFENSE**

2. ChaseData did not directly make or initiate any calls or messages to Plaintiff and thus cannot be held directly liable under the TCPA.

**THIRD DEFENSE**

3. Any alleged TCPA violations were the actions of third parties over whom ChaseData had no control or direct involvement.

**FOURTH DEFENSE**

4. Plaintiff, or individuals on behalf of Plaintiff, provided prior express consent to receive the communications complained of, or ChaseData had a good faith belief that such consent had been obtained by its clients.

**FIFTH DEFENSE**

5. To the extent any violations occurred, such violations were the result of a bona fide error despite maintaining procedures reasonably adapted to avoid any such error.

**SIXTH DEFENSE**

6. ChaseData has established and implemented practices and procedures reasonably designed to effectively prevent TCPA violations and therefore may be entitled to the TCPA's safe harbor provision.

**SEVENTH DEFENSE**

7. ChaseData did not knowingly or willfully engage in conduct in violation of the TCPA.

**EIGHTH DEFENSE**

8. Plaintiff failed to mitigate damages, if any.

CASE NO. 2:22-cv-02628-GJP

### NINTH DEFENSE

9. Plaintiff's actions or omissions contributed to the alleged damages.

### TENTH DEFENSE

10. Plaintiff is not the type of person Congress intended to protect by enacting the TCPA.

### ELEVENTH DEFENSE

11. This answering Defendant has insufficient knowledge or information upon which to form a belief as to whether he may have additional, as yet unstated, affirmative defenses available. Therefore, this answering Defendant reserves its right to assert additional affirmative defenses in the event discovery indicates that they would be applicable.

Respectfully submitted,

*/s/ Bradley D. Remick*
Bradley D. Remick, Esquire
Marshall Dennehey
2000 Market Street, Suite 2300,
Philadelphia, PA 19103
Phone: (215) 575-2762
Fax: (215) 575-0856

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system on __2/9/24, and the foregoing document is being served this day on all counsel or parties of record, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

MARSHALL DENNEHEY, P.C.

- 9 -

CASE NO. 2:22-cv-02628-GJP

s/ Bradley D. Remick
Bradley D. Remick, Esquire
2000 Market Street
Philadelphia, PA  19103
Phone: 215-575-2762
bdremick@mdwcg.com

- 9 -