**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ANDREW R. PERRONG | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 2:22-cv-02628-GJP |
| | : | |
| CHASE DATA CORP. | : | |
| and DIALED IN INC. | : | |
| | : | |

<u>**ORDER**</u>

THIS MATTER came on for consideration on Defendant's, Dialed In Inc., Motion to Dismiss Plaintiff's Amended Complaint. The Court having reviewed the pleadings, having heard argument of counsel, and being duly advised in the premises, states it is hereby:

**ORDERED AND ADJUDGED** as follows:

1. Defendant's, Dialed In Inc., Motion to Dismiss is **GRANTED**.

DONE AND ORDERED at Philadelphia County, Pennsylvania, this _____ day of _____, 20____.

_____
GERALD J. PAPPERT
UNITED STATES DISTRICT JUDGE

CASE NO. 2:22-cv-02628-GJP

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDREW R. PERRONG | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 2:22-cv-02628-GJP |
| | : | |
| CHASE DATA CORP. f/k/a | : | |
| PERSONAL INJURY LEAD | : | |
| GENERATOR, DIALED IN INC., and | : | |
| AHMED MACKLAI | : | |

## DEFENDANT, DIALED IN INC.'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO FED.R.CIV.P 12(b)(6)

For the reasons set forth in the Memorandum of law, it is respectfully requested that this

Honorable Court grant Defendant's, Dialed In Inc., Motion to Dismiss and dismiss all claims with

prejudice.

MARSHALL DENNEHEY, P.C.

_s/ Bradley D. Remick_
BRADLEY D. REMICK, ESQUIRE
Atty. I.D. #49449
2000 Market Street
Philadelphia, PA  19103
Phone: 215-575-2762
bdremick@mdwcg.com

CASE NO. 2:22-cv-02628-GJP

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ANDREW R. PERRONG | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 2:22-cv-02628-GJP |
| | : | |
| CHASE DATA CORP. f/k/a | : | |
| PERSONAL INJURY LEAD | : | |
| GENERATOR, DIALED IN INC., and | : | |
| AHMED MACKLAI | : | |

**DEFENDANT'S DIALED IN'S AMENDED MEMORANDUM OF LAW IN SUPPORT**
**OF ITS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT**
**TO FED. R. CIV. P. 12(b)(6)**

[*remainder of page left blank intentionally*]

CASE NO. 2:22-cv-02628-GJP

# I.      TABLE OF CONTENTS

**I.**      **TABLE OF CONTENTS** ............................................................................... 4

**II.**     **TABLE OF AUTHORITIES** ......................................................... 5

**III.**    **INTRODUCTION** ............................................................................. 8

**IV.**     **STATEMENT OF FACTS** .............................................................. 8

**V.**      **STANDARD OF REVIEW** ............................................................. 9

**VI.**     **CHOICE OF LAW** ......................................................................... 9

**VIII.**   **FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED UNDER FED. R. CIV. P. 12(B)(6)** ................................................. 10

    A. Claims Against DialedIn Should be Dismissed as the Alleged Conduct Predates DialedIn's Incorporation…………………………………………………..10

    b. Counts I-III Are Legally Insufficient Because Plaintiff Does Not Plead Facts Sufficient To Establish Vicarious Liability or Successor liability against DialedIn …….................................................................................................... 11

**X.**      **CONCLUSION** .............................................................................. 14

CASE NO. 2:22-cv-02628-GJP

## II.      TABLE OF AUTHORITIES

**UNITED STATES SUPREME COURT CASES**

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009).......................................................................................................... 7

*Bell Atlantic Corp., et al. v. Twombly, et al.,*
   550 U.S. 544 (2007).......................................................................................................... 7


**FEDERAL CIRCUIT COURT OF APPEALS CASES**

*Echols v. Pelullo,*
   377 F.3d 272 (3d Cir, 2004).............................................................................................. 7

*Fasset v. Delta Kappa Epsilon,*
   807 F.2d 1150 (3d Cir. 1987)............................................................................................ 8

*Jordan v. Fox, Rothschild, O'Brien & Frankel,*
   20 F.3d 1251 (3d Cir. 1994).............................................................................................. 7

*U.S. v. General Battery Corp.,*
   423 F.3d 294 (3d Cir. 2005)............................................................................................ 11


**FEDERAL DISTRICT COURT CASES**

*Buck v. Endo Pharmaceuticals, Inc.,*
   No.19-837, 2019 WL 1900475, at *3–4 (E.D. Pa. Apr. 29, 2019) .......................................... 12

*Forrest v. Beloit Corp.,*
   No. CIV. A. 00–CV–5032, 2001 WL 1251460, at *2 (E.D. Pa. Sept. 21, 2001) ..................... 11

*Gentry v. Sikorsky Aircraft Corporation,*
   383 F. Supp. 3d 442 (E.D. Pa. 2019) .................................................................................. 12

*In re Monitronics Int'l, Inc.,*
   223 F. Supp. 3d 514 (N.D.W. Va. 2016) .............................................................................. 10

*Metro Container Grp. v. AC&T Co.,*
   450 F. Supp. 3d 583 (E.D. Pa. 2020) .................................................................................. 11

CASE NO. 2:22-cv-02628-GJP

*Price v. Sears Roebuck and Co.*,
  Civ. A. No. 95-1359, 1995 WL 422682 (E.D. Pa. 1995) .......................................................... 8


**PENNSYLVANIA SUPREME COURT CASES**

*Bykowski v. Chesed, Co.*,
  425 Pa. Super. 595,599 n.1, 625 A.2d 1256, 1258 n.1 (1993)...................................................... 9


*Rachlin v. Edmison*,
  813 A.2d 862 (Pa. Super. 2002)........................................................................................... 10, 11

**PENNSYLVANIA COMMONWEALTH COURT CASES**

*Figueroa v. Pennsylvania Board of Probation and Parole*,
  900 A.2d 949 (Pa.Cmwlth. 2006) ............................................................................................ 10


*Grimaud v. Pa. Ins. Dep't*,
  995 A.2d 391 (Pa.Cmwlth. 2010) ............................................................................................ 10


*In re Nomination of Anastasio*,
  820 A.2d 880, 881 n.1 (Pa.Cmwlth. 2003) .............................................................................. 10


*Nieves v. Pa. Bd. of Prob. & Parole*,
  983 A.2d 236 (Pa.Cmwlth. 2009) ............................................................................................ 10


*Hill v. Dep't of Corr.*,
  64 A.3d 1159 (Pa.Cmwlth. 2013) ............................................................................................ 10


*Sherman v. Kaiser*,
  664 A.2d 221 (Pa.Cmwlth. 1995) ............................................................................................ 10


**PENNSYLVANIA COURT OF COMMON PLEAS CASES**

*Penstan Supply Div. of Hajoca Corp. v. Traditions of Am.*,
  L.P. 9 Pa. D. & C.5th 567 (Centre County C.P. 2010) ............................................................. 10


*Validation Commerce, LLC v. nGravis*,
  No. 07272 MARCHTERM 2004, 2004 WL 2426230 (Pa. Com. Pl. Aug. 28, 2004) .............. 11

CASE NO. 2:22-cv-02628-GJP

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 12(b)(6) ........................................................................ 9

Pennsylvania Rule of Evidence 201(b)(2) ..................................................................... 10

### III.    INTRODUCTION

Defendant, Dialed In Inc. ("DialedIn"), (collectively, "Defendants"), by and through the undersigned counsel, moves to dismiss Plaintiff's, Andrew R. Perrong, Amended Complaint [D.E. 25] pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

### IV.    STATEMENT OF FACTS

1.     On October 11, 2023, the Plaintiff, a serial TCPA litigator, initiated this action in the District Court for the Eastern District of Pennsylvania.

2.     DialedIn is a for-profit corporation incorporated in the state of Florida and has its principal place of business in 900 South Pine Island Road, Suite 390, Plantation, FL 33324. At all times material, DialedIn conducted business in Broward County, Florida.

3.     Plaintiff's Complaint is premised on three (3) telephone calls (texts) purportedly made by a "lead generator" which Plaintiff assumes is an agent to DialedIn and the other defendant, Chase Data Corp. Pl. Am. Compl. at ¶¶ 30–39, [D.E. 25]. However, Plaintiff fails to provide facts sufficient to establish any such agency relationship. *See generally id.*

4.     Plaintiff's three (3) count Complaint attempts to allege violations of 47 U.S.C. § 227(b)(3)(B) and (c)(5) and seeks statutory damages under 47 C.F.R. § 64.1200.

5.     Plaintiff improperly alleges he is entitled to statutory damages and treble damages but fails to provide any further information other than that he allegedly received 3 telephone calls (texts), which he assumes are the actions of DialedIn, as a "shell company" of ChaseData. Pl. Am. Compl. at ¶¶ 40, 58–73.

6.     The Court should grant Defendant's Motion to Dismiss Plaintiff's Amended Complaint with prejudice because Plaintiff's Amended Complaint fails to allege facts sufficient to

state a claim against DialedIn for any purported violation of the TCPA or for an award of statutory trebled damages for willful violations of the TCPA.

## V.      STANDARD OF REVIEW

In reviewing motions to dismiss, courts must assume the accuracy of all well-pleaded allegations in the complaint and infer conclusions favorably towards the non-moving party. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1251, 2361 (3d Cir. 1994). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim that can survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels, conclusions; a formulaic recitation of a cause of action's elements is insufficient. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp., et al. v. Twombly, et al.*, 550 U.S. 544, 545 (2007) (further explaining that a merely "conceivable" claim is not sufficient). Plaintiff's Amended Complaint does not provide fair notice of the claims and factual allegations against ChaseData and DialedIn that – when accepted as true – are plausible and rise above mere speculation. *Iqbal*, 556 U.S. 662, 678; *Twombly*, 550 U.S. 544, 555-556.

## VI.      CHOICE OF LAW

Because this Court's subject matter jurisdiction is founded upon diversity of citizenship, this Court must apply the choice of law rules of Pennsylvania in deciding which state's law to apply to each of the substantive claims. *Echols v. Pelullo*, 377 F.3d 272, 275 (3d Cir, 2004). In both contract and tort claims, Pennsylvania will apply the law of the jurisdiction having the most

significant contacts. *Fasset v. Delta Kappa Epsilon*, 807 F.2d 1150, 1157 (3d Cir. 1987); *Price v. Sears Roebuck and Co.*, Civ. A. No. 95-1359, 1995 WL 422682 (E.D. Pa. 1995).

Here, the purported injury to the Plaintiff stems from messages purportedly transmitted by ChaseData Corporation and DialedIn, as a purported "continuation" of ChaseData. Compl. ¶¶ 30–39. DialedIn was formed on February 1, 2023, which is over ten (10) months after the alleged calls took place, with the first occurring on March 22, 2022. Plaintiff failed to allege sufficient facts evidencing successor liability as required by the Court's previous Order. [D.E. 22]. Defendant will discuss the law of both Florida and Pennsylvania because the claims at issue here are subject to dismissal irrespective of the applicable law.

## VII.   FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED UNDER FED. R. CIV. P. 12(B)(6)

Plaintiff's Amended Complaint attempts to assert three counts against DialedIn, for alleged violations of the Telephone Consumer Protection Act ("TCPA"). Plaintiff's claims as stated in the operative Complaint fail to assert a valid cause of action for which relief may be granted as Plaintiff failed to provide anything more than unsupported legal conclusions as to the alleged vicarious liability of DialedIn. And Plaintiff fails to provide sufficient facts to establish a plausible claim whereby DialedIn is a successor to ChaseData. Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss for failure of the complaint to state a claim on which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).

### a.   Claims Against Dialedin Should Be Dismissed as  the Alleged Conduct Predates Dialedin's Incorporation

Plaintiff's claims against DialedIn should be dismissed where it is factually impossible for it to have been involved in the alleged telephone calls (texts). Specifically, Plaintiff's claims solely

regard three (3) texts received on March 22nd, 29th, and 30th of 2022. Compl. ¶ 24. Each of these alleged March texts *predate* the incorporation of DialedIn by **more than ten (10) months**, as evidenced by the Articles of Incorporation for DialedIn. *See* Exhibit A, DialedIn Articles of Incorporation.[1] DialedIn cannot be liable for any act subject of this Complaint where it did not exist until February 1, 2023. *Id.* It is, therefore, factually and legally impossible for DialedIn to be held liable, and all claims against DialedIn should be dismissed.

>    **b. Counts I-III are Legally Insufficient Because Plaintiff does not Plead Facts Sufficient to Establish Vicarious Liability or Successor Liability Against DialedIn.**

As stated in DialedIn's previous Motion to Dismiss and Amended Motion to Dismiss the Plaintiff's Complaint [D.E. 10], Plaintiff attempts to plead DialedIn is vicariously liable for violations of the TCPA related to three messages he allegedly received. However, as stated in Section VII(a), it is factually and legally impossible for DialedIn to be liable when it was not created until well after the messages were allegedly sent and received. The Court acknowledged

---

[1] The Defendants respectfully request this Court to take judicial notice of the Articles of Incorporation for Dialed In Inc., pursuant to Pa.R.E. 201(b)(2). The record can be easily and readily found at https://search.sunbiz.org/Inquiry/CorporationSearch/ByName. *Bykowski v. Chesed, Co.*, 425 Pa. Super. 595,599 n.1, 625 A.2d 1256, 1258 n.1 (1993) ("the court has right to take judicial notice of public documents"); *see also Hill v. Dep't of Corr.*, 64 A.3d 1159, 1165 (Pa.Cmwlth. 2013) (judicial notice taken of the Department of Corrections' "policies and handbooks" appearing on its website); Gr*imaud v. Pa. Ins. Dep't* 995 A.2d 391, 395 n.5 (Pa.Cmwlth. 2010) (judicial notice taken of manual on government website); *Nieves v. Pa. Bd. of Prob. & Parole*, 983 A.2d 236, 239 (Pa.Cmwlth. 2009) (judicial notice taken of facts from governmental website); *Figueroa v. Pennsylvania Board of Probation and Parole*, 900 A.2d 949 (Pa.Cmwlth. 2006) (same); *In re Nomination of Anastasio*, 820 A.2d 880, 881 n.1 (Pa.Cmwlth. 2003) ("[A] court may take judicial notice of a fact that is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Pa. R.E. 201(b)(2). The court's computer system, showing registered voters and their addresses, constitutes such a source."), affd per curiam, 573 Pa. 512, 827 A.2d 373 (2003); *Sherman v. Kaiser*, 664 A.2d 221 (Pa.Cmwlth. 1995) (same); *Penstan Supply Div. of Hajoca Corp. v. Traditions of Am.*, L.P. 9 Pa. D. & C.5th 567, 569 – 70 (Centre County C.P. 2010) ("This Court determines that the Centre County Government Recorder of Deeds Website qualifies as a source for judicial notice.").

this requiring allegations of successor liability be included against DialedIn for a valid cause of action. [D.E 22]. Despite the Court's instruction, Plaintiff has failed to provide sufficient facts asserting successor liability or vicarious liability as related to DialedIn. Therefore, Counts I–III of Plaintiff's Complaint are legally insufficient and should be dismissed.

First, direct liability under the TCPA _only_ applies to entities that initiate the telemarketing calls, *i.e.*, physically places the telephone call. *In re Monitronics Int'l, Inc.*, 223 F. Supp. 3d 514, 519 (N.D.W. Va. 2016). Thus, a seller does not "initiate" calls placed by third-party telemarketers. *Id.* A seller that does not "initiate" calls may only be held vicariously liable under the TCPA using common law principles of agency. *Id.*

To properly allege an agency relationship, at a minimum, the Plaintiff must allege facts which: (1) identify the agent by name or appropriate description; and (2) set forth the agent's authority, and how the acts of the agent either fall within the scope of that authority, or if unauthorized, were ratified by the principal. *Rachlin v. Edmison*, 813 A.2d 862, 870 (Pa. Super. 2002). Bald allegations of agency are insufficient to satisfy Pennsylvania's fact pleading requirement. *See Validation Commerce, LLC v. nGravis*, No. 07272 MARCHTERM 2004, 2004 WL 2426230, at *2 (Pa. Com. Pl. Aug. 28, 2004).

In the instant case, Plaintiff merely alleges unsupported legal conclusions that Defendant's "agent" placed three telephone calls (texts) to Plaintiff, but does not allege any facts sufficient to establish that the alleged caller served as an agent for ChaseData or DialedIn. Plaintiff fails to identify who or what entity is acting as ChaseData's or DialedIn's purported "agent," in by name or by an appropriate description. And Plaintiff further fails to set forth sufficient facts regarding

this "agent's" authority. Accordingly, Plaintiff's Complaint is legally insufficient and should be dismissed. *See Rachlin*, 813 A.2d at 870.

Second, to assert successor liability, Plaintiff must plead facts that could raise "such an inference of successorship." *Metro Container Grp. v. AC&T Co.*, 450 F. Supp. 3d 583, 604 (E.D. Pa. 2020) (vacated on other grounds). Generally, an "acquiring corporation" will not be liable for the debts and liabilities of the predecessor. *Forrest v. Beloit Corp.*, No. CIV. A. 00–CV–5032, 2001 WL 1251460, at *2 (E.D. Pa. Sept. 21, 2001) (internal citations omitted). However, Plaintiff may set forth successor liability where the successor: (1) assumes liability; (2) is subject of a transaction amounting to a consolidation or merger; (3) is subject of a transaction that is fraudulent and intended to provide an escape from liability; or (4) is a mere continuation of the selling company. *See*, *e.g.*, *U.S. v. General Battery Corp.*, 423 F.3d 294, 305 (3d Cir. 2005).

Here, Plaintiff presumably purports to establish successor liability against DialedIn by merely alleging DialedIn is ChaseData's "sister continuation company." Pl. Am. Compl. ¶¶ 2, 43. However, this is insufficient to maintain a plausible claim for successor liability. *See Forrest*, 2001 WL 1251460, at *2–3 (dismissing the plaintiff's claim for successor liability where the plaintiff submitted a conclusory allegation stating the purported successor was a successor corporation and under the doctrine of successor liability, the defendant was then liable and such an allegation was insufficient). Plaintiff sets forth a conclusory allegation that DialedIn is a continuation of ChaseData, and cites to the website to maintain DialedIn "picked up where Chase Data left off." Pl. Am. Compl. ¶ 44. But this is factually and legally implausible. Chase Data remains an *active* corporation conducting business as normal. Exhibit B, Chase Data Corporation 2024 Annual

Report.[2] Chase Data Corporation and DialedIn Inc. are **two separate entities**, and Chase Data remains an existing corporation. Successor liability cannot exist or be maintained against DialedIn where the original entity — Chase Data — still exists. *See, e.g., Buck v. Endo Pharmaceuticals, Inc.*, No.19-837, 2019 WL 1900475, at *3–4 (E.D. Pa. Apr. 29, 2019) (holding the plaintiff's claim for successor liability failed as a matter of law where the original entity remained in existence because "[i]f the original entity still exists ... there is no successor, and therefore no successor liability." (internal citations omitted)). And it should be noted ChaseData has a registration to use the fictitious name "Dialed In" which is separate and distinct from the corporation — DialedIn, Inc. *Compare* Exhibit A, DialedIn Articles of Incorporation, *with* Exhibit C, Application for Registration of Fictitious Name.[3] Chase Data's use of the fictitious name "Dialed In" is not indicative that DialedIn is a successor of Chase Data, especially when Chase Data remains active. *See Gentry v. Sikorsky Aircraft Corporation*, 383 F. Supp. 3d 442, 453–54 (E.D. Pa. 2019) (stating the fictitious name was not a separate legal entity, rather, it was "merely descriptive of a . . . corporation who does business under another name"). As a matter of law, Plaintiff has no claim against DialedIn because it is not a successor, but rather it operates as a separate legal entity while Chase Data continues to operate.

## VIII.   <u>CONCLUSION</u>

Plaintiff's Amended Complaint should be dismissed as Plaintiff fails to alleged sufficient facts to support a claim against DialedIn, for which relief may be granted. Thus, pursuant to Rule 12(b)(6), dismissal is proper. Accordingly, Defendant, DialedIn, Inc., respectfully requests this

---

[2] *See supra* fn 1.
[3] *See supra* fn 1.

CASE NO. 2:22-cv-02628-GJP

Honorable Court grant its Motion to Dismiss Plaintiff's Amended Complaint and any further relief

it deems just and proper.

                                              */s/ Bradley D. Remick*
                                              Bradley D. Remick, Esquire
                                              Marshall Dennehey
                                              2000 Market Street, Suite 2300,
                                              Philadelphia, PA 19103
                                              Phone: (215) 575-2762
                                              Fax: (215) 575-0856

CASE NO. 2:22-cv-02628-GJP

**<u>CERTIFICATE OF SERVICE</u>**

     I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system on March 1, 2024, and the foregoing document is being served this day on all counsel or parties of record, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

MARSHALL DENNEHEY, P.C.

*s/ Bradley D. Remick*
Bradley D. Remick, Esquire
2000 Market Street
Philadelphia, PA  19103
Phone: 215-575-2762
bdremick@mdwcg.com

DATE:  March 1, 2024